IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICA EDUCATION LOAN CORP.,

    Plaintiff,                                No. 2:11-cv-2264 MCE GGH

    vs.

MERLE F. GODFREY,

                                    <u>FINDINGS &</u>

    Defendant.                     <u>RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for entry of default judgment against defendant Merle Godfrey, filed January 6, 2012, was submitted on the record. Local Rule 230(g). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

        On August 25, 2011, plaintiff filed the underlying complaint in this action against defendant Godfrey, alleging that Godfrey defaulted on his federally guaranteed HEAL student loan. HICA Education Loan Corporation's claim for default seeks recovery of the amounts due and owing under the note, as well as other costs and charges arising out of the default. The summons and complaint were personally served on defendant Godfrey on September 27, 2011. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331

(9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant Godfrey has failed to file an answer or otherwise appear in this action.  On October 31, 2011, the clerk entered default against defendant Godfrey.

Notice of the request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Godfrey at his last known address.  Defendant Godfrey filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment against defendant Godfrey in the amount of $47,845.75, with additional prejudgment interest from October 25, 2011 to the date of judgment at a rate of $3.28 per day,[1] plus post-judgment interest.

DISCUSSION

The court has subject matter jurisdiction over this federal question action.  HICA Educ. Loan Corp. v. Eslao, 2012 WL 1413373 (N.D. Cal., 2012); HICA Educ. Loan Corp, 2011 WL 3515911 (D.N.J. 2011).  Personal jurisdiction is appropriate as defendant was served at his ostensible residence/business in Fair Oaks, CA.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

\\\\\

---

[1] Although the Zimmerman declaration sets forth the interest rate, the loan documentation provided with the complaint is in a print so small as to be indecipherable.  In future, such documentation should be legible.

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Plaintiff seeks $47,845.75 which is comprised of $38,356.82 in unpaid principal, $9,436.98 in unpaid interest as of October 24, 2011, and unpaid late charges in the amount of $51.95.  Zimmerman Decl., ¶ 2.  Plaintiff also seeks interest in the amount of $3.28 per day from October 25, 2011 until the date of judgment, as well as interest from the date of judgment until the judgment is paid at a rate calculated by the Secretary of the Department of Health and Human Services.  See Compl. ¶ 11, Ex. 1.  The court finds the requested sums to be appropriate.  This court will recommend that plaintiff's request for default judgment be granted in accordance with terms set forth in plaintiff's proposed judgment.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that: Plaintiff's motion for entry of default judgment be GRANTED in the amount of $47,845.75, plus prejudgment interest from October 25, 2011 to the date of judgment at a rate of $3.28 per day, plus post-judgment interest as specified in plaintiff's proposed judgment which is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/HICA.2264.def.wpd